

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLA Y. ARCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 5653 |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On August 27, 2004, disability claimant Carla Y. Archer ("Archer") filed a complaint seeking review of a decision by Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner") ruling that Archer is not entitled to disability insurance benefits. Both parties moved for summary judgment. Archer filed her Motion to Reverse the Final Decision of the Commissioner on December 1, 2004. In its January 13, 2005 minute order, this court ordered the Commissioner to file a response by January 28, 2005, and allowed Archer until February 14, 2005 to file a reply. The Commissioner filed its cross-motion for summary judgment on January 25, 2005, which responded to Archer's motion, but as of March 29, 2005, Archer had not filed a reply. After considering the issues raised by Archer and the Commissioner, this court determines that no reply is necessary, even though this court would have considered a reply if one had been filed. For the following reasons, Archer's Motion to Reverse the Final Decision of the Commissioner is denied, and the Commissioner's motion is granted. The Commissioner's decision is affirmed, terminating this case. Any pending motions are moot.

## BACKGROUND

Archer was fifty-two years old on the date of the hearing that led to the Commissioner's unfavorable decision. She stands 5'4" tall, weighs 240 pounds and has an eleventh-grade education. Archer has three children (one son is deceased) and is married, but separated. Archer alleges that she became disabled and unable to work on March 1, 1995 due to coronary heart disease, high blood pressure, depression, back, leg, and foot pain, trouble sleeping, trouble breathing, dizziness, fatigue, leg cramps, shortness of breath, chest pain, arm pain, leg cramps, memory loss and hand pain.

A hearing was held on Archer's request for disability insurance benefits on February 3, 2004. Present and testifying at the hearing were Archer, a Vocational Expert ("VE"), and a Medical Expert ("ME"). Archer was represented at that hearing, and has been represented throughout the proceedings before this court. At the hearing, Archer testified that she spends most of her days sleeping, because due to chest pain and nervousness she cannot sleep well at night. (R. at 485.) Archer also testified that she helps with some minor household chores, including laundry and caring for a child, but that due to her chest pain and dizziness she cannot stand up for more than five minutes. (R. at 485-6.) As she testified, Archer's "main problem is [that she] experience[s] chest pain all the time," and that she is "tired" and "jittery." (R. at 487-488.)

At the hearing, based on the medical evidence, the ME opined that Archer, despite her impairments, could perform work activity that involved lifting up to 20 pounds, standing and/or walking for up to 4 hours per day, and sitting up to 6 hours per day. (R. at 496-97.) The ME also opined that due to Archer's "obesity . . . stooping, kneeling, [and] crawling would be limited." (R. at 497.) The ALJ then asked the VE whether Archer could perform any work if she were limited to the functional abilities described by the ME. (R. at 500.) The VE responded that Archer could

2

perform a number of jobs. (R. at 500-03.)

The Administrative Law Judge ("ALJ") rendered a decision unfavorable to Archer on March 10, 2004. The appeals council denied Archer's request for review on June 25, 2004.

## STANDARD OF REVIEW

"The standard of review in disability cases limits . . . the district court to determining whether the final decision of the Secretary is both supported by substantial evidence and based on the proper legal criteria." Scheck v. Barnhart, 357 F.3d 697, 699 (7th Cir. 2004) (quoting Ehrhart v. Secretary of HHS, 969 F.2d 534, 538 (7th Cir. 1992)). "Evidence is 'substantial' if it is sufficient for a reasonable person to accept as adequate to support the decision." Skarbek v. Barnhart, 390 F.3d 500, 503 (7th Cir. 2004) (quoting Johansen v. Barnhart, 314 F.3d 283, 287 (7th Cir. 2002)). "An ALJ must articulate, at least minimally, his analysis of the evidence so that this court can follow his reasoning." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000)).

## ANALYSIS

Archer presents two issues for this court's review: (1) whether the ALJ erred in finding Archer's claimed functional limitations not totally credible, and (2) whether the ALJ erred by not evaluating Archer's obesity.

An ALJ's credibility determination is usually entitled to deference, but "when such determination rests on objective factors or fundamental implausibilities . . . appellate courts have greater freedom to review the ALJ's decision." Clifford, 227 F.3d at 872 (quoting Herron v. Shalala, 19 F.3d 329, 335 (7th Cir. 1994)). "Most importantly, [an ALJ] must build an accurate logical bridge from the evidence to his conclusion." Clifford, 227 F.3d at 872.

Contrary to Archer's argument, the ALJ in this case did provide sufficient explanation for

3

concluding that Archer's testimony was not totally credible. In finding Archer not totally credible, the ALJ relied upon the testimony of the ME. The ALJ reasonably explained that he was not accepting Archer's testimony that she was totally disabled because the ME concluded the opposite. (R. at 17.) The ALJ also explained that he found Archer less than credible because the record established that Archer was not following her treatments as prescribed. (Id.) Archer points to no medical opinion that disputes the ME's conclusion, nor does Archer point to any specific piece of medical evidence that the ALJ failed to consider. The ALJ did not err in finding Archer's testimony regarding her functional limitations not totally credible.

In support of her second argument, Archer correctly notes that an ALJ is required to consider a claimant's obesity. See SSR 02-1p. In this case, the ALJ noted in his decision that the ME testified that Archer was obese. (R. at 15, 16.) That same ME, after considering Archer's obesity, opined that Archer could still perform limited work. Relying largely upon that ME's conclusion, the ALJ determined that Archer was able to perform work despite her impairments, which included obesity. Thus, the ALJ did consider Archer's obesity in determining whether she retained the ability to work. Skarbek, 390 F.3d at 504 ("[T]he ALJ adopted the limitations suggested by the specialists and reviewing doctors, who were aware of [claimant's] obesity. Thus, although the ALJ did not explicitly consider [claimant's] obesity, it was factored indirectly into the ALJ's decision as part of the doctors' opinions."). Finally, Archer does not explain how any further analysis of her obesity would affect the outcome of this case, nor is there any reason to believe that further analysis of her obesity would affect the outcome because the medical opinions relied upon by the ALJ considered her obesity and still found that she was able to perform some work.

## CONCLUSION

For the foregoing reasons, Archer's Motion to Reverse the Final Decision of the Commissioner (Dkt. No. 7) is denied, and the Commissioner's (Dkt. No. 10) motion is granted. The Commissioner's decision is affirmed, terminating this case. Any other pending motions are moot.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: April 5, 2005